UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Roy Rossello, Plaintiff,<br><br>v.<br><br>Edgardo Diaz Melendez,<br><br>Defendant. | Case No. 1:25-cv-01699 (MMG) |

**DEFENDANT EDGARDO DIAZ'S REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF MOTION TO DISMISS**

Edwin J. Prado-Galarza
(Bar No. 2429041)
Prado Law Office, LLC 111 N. Orange Ave.,
Suite 800, Unit 849 Orlando, FL 32801
Phone: (407) 420-7926 / (787977-1411
Email: pradolaw10@gmail.com
Counsel for Defendant Edgardo Diaz Melendez

## TABLE OF CONTENTS

I. Preliminary Statement ................................................................................1

II. Subject Matter Jurisdiction Fails Under 28 U.S.C. § 1332 ...............................3

A. Citizenship, Not Residence, Controls ............................................................3

B. The "Stateless" Citizen Problem ...............................................................3, 4

C. Venue Cannot Cure Lack of Jurisdiction .........................................................4

III. Lack of Personal Jurisdiction Under Rule 12(b)(2)..........................................4

A. No General Jurisdiction ...............................................................................4, 5

B. CPLR § 302(a)(2) – Torts in New York .........................................................5

C. Due Process – "Fair Play and Substantial Justice" ......................................5, 6

IV. The GMVA Revival Provision Is Invalid & Claim Is Time-Barred ...............6

A. Preempted by State Law – Home Rule Violation .......................................6, 7

B. Retroactive Application Violates Due Process ............................................7, 8

V. Failure to Plead Gender-Based Animus Under the GMVA .............................8

A. Legal Standard ................................................................................................9

B. Plaintiff's Allegations ................................................................................ 9, 10

C. Case Law Application ...................................................................................10

VI. Laches Warrants Dismissal ..................................................................... 10, 11

A. Unreasonable Delay .......................................................................................11

B. Severe Prejudice ..................................................................................................11

C. Revival Window Distinction ................................................................................11

VII. Failure to Include a Proper Demand for Relief Under Rule 8(a)(3) ............12

A. Deficiency in Plaintiff's Demand ........................................................... 12, 13

B. Legal Standard ....................................................................................................13

C. Prejudice in This Case ........................................................................................13

VIII. Conclusion ................................................................................... 13, 14

## TABLE OF AUTHORITIES

**Cases**

*Albany Area Builders Ass'n v. Town of Guilderland*, 74 N.Y.2d 372 (1989) .......7

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ...............................................................10

*Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102 (1987)..........................5

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ...............................................10

*Best Van Lines, Inc. v. Walker*, 490 F.3d 239 (2d Cir. 2007) ................................5

*Breest v. Haggis*, 180 A.D.3d 83 (1st Dep't 2019) ...........................................4, 9

*Cresswell v. Sullivan & Cromwell*, 922 F.2d 60 (2d Cir. 1990)............................4

*Costello v. United States*, 365 U.S. 265 (1961) ..................................................11

*Daimler AG v. Bauman*, 571 U.S. 117 (2014) ......................................................5

*DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104 (2d Cir. 2010) .........................13

*Doe v. Schlesinger*, 2025 N.Y. Misc. LEXIS 5736 ................................. 9, 10, 11

*Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81 (2d Cir. 2013) .......... 4

*Engelman v. Rofe*, 194 A.D.3d 26 (1st Dep't 2021) ............................. 9

*Force v. Facebook, Inc.*, 934 F.3d 53 (2d Cir. 2019) ............................ 4

*Ganieva v. Black*, 2022 N.Y. Misc. LEXIS 10719 ................................ 9

*Garcia v. Bloomberg*, 662 F. App'x 50 (2d Cir. 2016) ......................... 10

*Hughes v. Twenty-First Century Fox, Inc.*, 304 F. Supp. 3d 429, 455 (S.D.N.Y. 2018) ................................................................. 10

*Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945) ...................... 2, 5, 6

*Ivani Contracting Corp. v. City of New York*, 103 F.3d 257 (2d Cir. 1997) ....... 10

*Jancyn Mfg. Corp. v. County of Suffolk*, 71 N.Y.2d 91 (1987) ................... 7

*John Birch Soc'y v. Nat'l Broad. Co.*, 377 F.2d 194 (2d Cir. 1967) ............. 3

*Landgraf v. USI Film Prods.*, 511 U.S. 244 (1994) .............................. 8

*Linardos v. Fortuna*, 157 F.3d 945 (2d Cir. 1998) .............................. 3

*Majewski v. Broadalbin-Perth Cent. Sch. Dist.*, 91 N.Y.2d 577 (1998) ........... 8

*Matter of World Trade Ctr. Lower Manhattan Disaster Site Litig.*, 30 N.Y.3d 377 (2017) ................................................................ 8

*Overall v. Estate of Klotz*, 52 F.3d 398 (2d Cir. 1995) ....................... 11

*Palazzo v. Corio*, 232 F.3d 38 (2d Cir. 2000) .................................. 3

*Parker v. Alexander*, 2025 WL 268436 (S.D.N.Y. Jan. 22, 2025) .................. 7

*Republic of Turkey v. Christie's Inc.*, 62 F.4th 64 (2d Cir. 2023) ............ 11

*Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806) ............................................2

*United States ex rel. Thistlethwaite v. Dowty Woodville Polymer, Ltd.*, 110 F.3d 861 (2d Cir. 1997) ..............................................................................3, 4

*Van Buskirk v. United Grp. of Cos.*, 935 F.3d 49 (2d Cir. 2019) ..........................3

*Zuckerman v. Metro. Museum of Art*, 928 F.3d 186 (2d Cir. 2019) ............. 10, 11

**Statutes and Rules**

28 U.S.C. § 1332 ............................................................................... 1, 3, 14

28 U.S.C. § 1391(b) ...................................................................................4

CPLR § 214(5) ..........................................................................................6

CPLR § 214-g ...........................................................................................7

CPLR § 214-j ............................................................................................7

CPLR § 215(3) ..........................................................................................6

CPLR § 302(a)(2) ......................................................................................1

Fed. R. Civ. P. 8(a)(3) ..................................................................... 2, 12, 13

Fed. R. Civ. P. 12(b)(1) ..........................................................................4, 6

Fed. R. Civ. P. 12(b)(2) ..............................................................................4

Fed. R. Civ. P. 12(b)(6) ....................................................................... 8, 10

N.Y. Const. art. IX, § 2(c) ..........................................................................7

N.Y.C. Admin. Code §§ 10-1103, 10-1104 ................................................8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Roy Rossello, Plaintiff,<br><br>v.<br><br>Edgardo Diaz Melendez,<br><br>Defendant. | Case No. 1:25-cv-01699 (MMG) |

**DEFENDANT EDGARDO DIAZ'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO DISMISS**

### I.     PRELIMINARY STATEMENT

Plaintiff's opposition confirms the defects identified in Defendant's opening motion: this action is barred at every level.

First, the Complaint fails to invoke subject matter jurisdiction under 28 U.S.C. § 1332. It alleges only the parties' residences—not domiciles—and thus does not establish complete diversity, which depends on domicile at the time of filing.

Second, even if diversity were properly alleged, the Court lacks personal jurisdiction. Plaintiff relies on alleged events from 1983–1986 under CPLR § 302(a)(2), but due process requires jurisdiction to be reasonable and fair. Forcing

Mr. Diaz, a lifelong Puerto Rico resident with no current New York ties, to defend after forty years would violate "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Third, Plaintiff's sole claim under the New York City Victims of Gender-Motivated Violence Protection Law ("GMVA") is untimely and cannot be salvaged by the City's 2022 "revival" amendment. That local provision is preempted by New York's Child Victims Act ("CVA") and Adult Survivors Act ("ASA"), violates the State Constitution's Home Rule Clause, and, as applied to decades-old conduct, offends due process.

Fourth, the GMVA claim also fails on the merits. The statute requires proof that the alleged violence was committed "because of" the victim's gender and due, at least in part, to "animus" against that gender. Plaintiff alleges no facts to meet this standard; sexual abuse allegations alone are insufficient under controlling precedent.

Fifth, Plaintiff's nearly forty-year delay—despite two prior statewide revival opportunities—has caused severe and irreparable prejudice. The doctrine of laches bars such stale claims, especially where earlier state revival windows were ignored in favor of a contested municipal ordinance.

Finally, the Complaint fails to include a proper demand for relief as required by Fed. R. Civ. P. 8(a)(3), depriving Defendant of fair notice.

Each ground independently warrants dismissal. Together, they compel dismissal with prejudice.

## II. SUBJECT MATTER JURISDICTION FAILS UNDER 28 U.S.C. § 1332.

### A. Citizenship, Not Residence, Controls

Diversity jurisdiction requires that the amount in controversy exceed $75,000 and that no plaintiff shares state citizenship with any defendant. 28 U.S.C. § 1332(a); *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806). Citizenship means **domicile**—the place of a person's true, fixed home to which they intend to return. *Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000).

A person may have multiple residences but only one domicile, established by physical presence and intent to remain indefinitely. *Van Buskirk v. United Grp. of Cos.*, 935 F.3d 49, 53 (2d Cir. 2019). Alleging residence alone is legally insufficient. *John Birch Soc'y v. Nat'l Broad. Co.*, 377 F.2d 194, 199 (2d Cir. 1967).

Here, Plaintiff alleges he is "a resident of Florida" and Defendant is "a resident of Puerto Rico" (Compl. ¶¶ 11–12). These allegations fail to plead citizenship. When challenged, Plaintiff must prove domicile with facts. *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998). The absence of properly alleged citizenship is jurisdictionally fatal.

### B. The "Stateless" Citizen Problem

Even if domicile were alleged, diversity fails if either party is a U.S. citizen domiciled abroad because such individuals are "stateless" under § 1332 and cannot sue or be sued in diversity. *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 70 (2d Cir. 1990); *Force v. Facebook, Inc.*, 934 F.3d 53, 64 (2d Cir. 2019). Neither party is alleged to be domiciled in the forum state, undermining diversity's purpose of providing a neutral forum.

### C. Venue Cannot Cure Lack of Jurisdiction

Venue under 28 U.S.C. § 1391(b) governs where a case may be filed but cannot create subject matter jurisdiction. *United States ex rel. Thistlethwaite v. Dowty Woodville Polymer, Ltd.*, 110 F.3d 861 (2d Cir. 1997). Even if events occurred in New York, venue cannot replace the requirement for complete diversity.

**Because Plaintiff fails to plead domicile and complete diversity, the Complaint must be dismissed under Rule 12(b)(1).**

### III. LACK OF PERSONAL JURISDICTION UNDER RULE 12(b)(2)

Even if Plaintiff could cure the subject matter jurisdiction defect—which he cannot—this Court lacks personal jurisdiction over Mr. Diaz. Plaintiff must show jurisdiction under New York's long-arm statute and that exercising it comports with due process. *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 84–85 (2d Cir. 2013).

### A. No General Jurisdiction

General jurisdiction exists only when a defendant's affiliations with the forum are so continuous and systematic as to render them "essentially at home." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014). Mr. Diaz is a lifelong Puerto Rico domiciliary, with no property, business, taxes, or continuous contacts in New York. Plaintiff concedes this, so general jurisdiction is absent.

### B. CPLR § 302(a)(2) – Torts in New York

Plaintiff relies solely on CPLR § 302(a)(2), alleging assaults in New York hotels between 1983 and 1986. Even if credited for this motion, that statute alone does not end the analysis. The Court must still determine whether jurisdiction satisfies due process. *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 244 (2d Cir. 2007).

### C. Due Process – "Fair Play and Substantial Justice"

The Due Process Clause requires (1) minimum contacts and (2) that jurisdiction be reasonable. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 113–14 (1987).

Relevant factors weigh heavily against jurisdiction:

1. **Burden on Defendant** – Nearly forty years have passed; evidence is lost, witnesses deceased, memories faded. Mr. Diaz, now in his late 70s, has had no ties to New York for decades.

5

2. **Forum State's Interest** – Minimal; neither party resides in New York, and statewide revival windows under the CVA and ASA have closed.

3. **Plaintiff's Interest** – Plaintiff lives in Florida; New York is no more convenient than Puerto Rico and appears chosen only to access the GMVA revival window.

4. **Judicial System's Interest** – Efficient resolution favors a forum where jurisdiction is clear and evidence accessible.

5. **Shared Interests of States** – Allowing a municipal revival to override state-enacted limits undermines uniformity and federalism.

Because jurisdiction here would "offend traditional notions of fair play and substantial justice," *Int'l Shoe*, 326 U.S. at 316, the Complaint should be dismissed under Rule 12(b)(2).

## IV. THE GMVA REVIVAL PROVISION IS INVALID & CLAIM IS TIME BARRED.

Plaintiff's claims stem from alleged conduct between 1983 and 1986. Under then-existing law, any claim for personal injury or intentional tort expired decades ago. See CPLR § 215(3) (one-year limit for intentional torts); CPLR § 214(5) (three years for negligence). Plaintiff concedes the claims are time-barred unless revived by the 2022 amendment to the New York City Victims of Gender-Motivated Violence Protection Law ("GMVA"). That local law purported to open a two-year-and-six-month "look-back" window from March 1, 2023, to March 1, 2025.

6

This revival provision fails for two independent reasons:

### A. Preempted by State Law – Home Rule Violation

New York's Legislature already enacted comprehensive, uniform revival statutes: the **Child Victims Act** ("CVA"), CPLR § 214-g (2019), a two-year revival window ending Aug. 14, 2021, and the **Adult Survivors Act** ("ASA"), CPLR § 214-j (2022), a one-year window ending Nov. 24, 2023. These statutes reflect a deliberate statewide balance between survivor access and fairness to defendants.

Under the **Home Rule Clause** (N.Y. Const. art. IX, § 2[c]), local laws must be consistent with state law. Preemption applies where (1) the Legislature occupies the field, or (2) the local law conflicts with state law. See *Jancyn Mfg. Corp. v. County of Suffolk*, 71 N.Y.2d 91, 97 (1987); *Albany Area Builders Ass'n v. Town of Guilderland*, 74 N.Y.2d 372, 377–78 (1989).

The CVA and ASA occupy the field of sexual abuse claim revival. The GMVA's 2022 extension beyond the ASA's Nov. 24, 2023 cutoff directly conflicts with state law by "permitting what the state forbids." *Jancyn*, 71 N.Y.2d at 97. Judge Kaplan so held in *Parker v. Alexander*, 2025 WL 268436 (S.D.N.Y. Jan. 22, 2025), ruling that the CVA and ASA preempt the GMVA's revival provision.

Plaintiff's claim—a sexual abuse claim—was eligible for revival under the CVA and possibly the ASA. He chose not to file during either statewide window. New York City cannot grant a third opportunity in defiance of state law.

### B. Retroactive Application Violates Due Process

The GMVA was enacted in 2000; Plaintiff seeks to apply its 2022 revival provision to conduct from 1983–1986, 17 years before the law existed. Statutes operate prospectively absent a clear legislative statement. *Majewski v. Broadalbin-Perth Cent. Sch. Dist.*, 91 N.Y.2d 577, 584 (1998). The GMVA contains no express retroactivity clause for pre-2000 conduct.

Even state revival statutes must respect due process, which protects against extreme retroactivity that undermines repose and fair notice. *Landgraf v. USI Film Prods.*, 511 U.S. 244, 266 (1994); *Matter of World Trade Ctr. Lower Manhattan Disaster Site Litig.*, 30 N.Y.3d 377, 400 (2017). Reviving these claims nearly 40 years later—after evidence and witnesses have been lost—exceeds constitutional limits.

**Because the GMVA revival provision is preempted, inconsistent with state law, and unconstitutional as applied, Plaintiff's claim is untimely and must be dismissed under Rule 12(b)(6).**

### V. FAILURE TO PLEAD GENDER-BASED ANIMUS UNDER THE GMVA.

Even if Plaintiff could overcome jurisdictional and timeliness barriers—which he cannot—his GMVA claim fails on the merits. The statute requires that the violence be committed **(1) because of the plaintiff's gender** and **(2) due, at least**

**in part, to animus based on that gender**. N.Y.C. Admin. Code §§ 10-1103, 10-1104.

### A. Legal Standard

"Animus" in this context means malice or ill will based on gender. *Breest v. Haggis*, 180 A.D.3d 83, 94 (1st Dep't 2019); *Engelman v. Rofe*, 194 A.D.3d 26, 33–34 (1st Dep't 2021). Courts have outlined the elements of a GMVA claim:

1. The act constituted a misdemeanor or felony;
2. It presented a serious risk of physical injury;
3. It was perpetrated because of the plaintiff's gender;
4. It was motivated, at least in part, by gender-based animus; and
5. It caused injury. *Doe v. Schlesinger*, 2025 N.Y. Misc. LEXIS 5736.

While *Breest* noted that some sexual assaults may imply animus because consent is absent, the plaintiff still must plead facts showing the attack was motivated by gender bias. *Ganieva v. Black*, 2022 N.Y. Misc. LEXIS 10719.

### B. Plaintiff's Allegations

Plaintiff alleges Defendant abused him in the 1980s and parrots the GMVA's language, claiming the acts were "because of" his gender and due to "animus" toward that gender (Compl. ¶ 93). He alleges no:

1) Statements by Defendant showing hostility toward males;
2) Pattern of targeting victims because they were male; or

9

3) Context suggesting gender-based bias.

The allegations instead depict opportunistic exploitation, not prejudice toward a gender group. Defendant and Plaintiff are both male, further undercutting any inference of gender-directed animus.

### C. Case Law Application

Courts routinely dismiss GMVA claims lacking concrete animus allegations. See *Garcia v. Bloomberg*, 662 F. App'x 50, 52 (2d Cir. 2016) (no animus facts alleged); *Hughes v. Twenty-First Century Fox, Inc.*, 304 F. Supp. 3d 429, 455 (S.D.N.Y. 2018) (conclusory recitals insufficient); *Doe v. Schlesinger*, supra (same). In *Breest*, the claim survived only because the plaintiff alleged derogatory remarks and a pattern of assaults targeting women—facts absent here.

Under *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), threadbare recitals without factual enhancement do not state a plausible claim. Plaintiff's bare assertions fail the GMVA's animus requirement, mandating dismissal under Rule 12(b)(6).

## VI. LACHES WARRANTS DISMISSAL

Even if Plaintiff's claim were timely under the GMVA's contested revival provision—which it is not—the equitable doctrine of laches independently bars this action. Laches applies when there is **(1) an unreasonable and inexcusable delay** in bringing the claim and **(2) resulting prejudice** to the defendant. *Ivani Contracting*

*Corp. v. City of New York*, 103 F.3d 257, 259 (2d Cir. 1997); *Zuckerman v. Metro. Museum of Art*, 928 F.3d 186, 193–94 (2d Cir. 2019); *Republic of Turkey v. Christie's Inc.*, 62 F.4th 64, 71 (2d Cir. 2023). The doctrine reflects the maxim that "equity aids the vigilant, not those who sleep on their rights."

### A. Unreasonable Delay

Plaintiff alleges abuse between 1983 and 1986 but waited nearly forty years to sue, despite knowing the alleged cause of his injuries since the 1980s. He ignored two statewide revival windows—the **Child Victims Act** (Aug. 14, 2019–Aug. 14, 2021) and the **Adult Survivors Act** (Nov. 24, 2022–Nov. 24, 2023)—both specifically designed for claims like his. Instead, he filed at the end of a contested municipal GMVA window. Such a delay is presumptively unreasonable. *Costello v. United States*, 365 U.S. 265, 282 (1961).

### B. Severe Prejudice

The decades-long gap has irreparably harmed Defendant's ability to defend:

1) Memories have faded beyond reliable recall;
2) Key witnesses are deceased or cannot be found;
3) Relevant records are lost or destroyed.

Courts recognize such prejudice as inherent in extreme delay. *Overall v. Estate of Klotz*, 52 F.3d 398, 403 (2d Cir. 1995); *Republic of Turkey*, 62 F.4th at 71.

### C. Revival Window Distinction

11

While some courts decline to apply laches to claims filed within state-enacted revival periods, see *Doe v. Schlesinger*, 2025 WL 2126596 (Sup. Ct. N.Y. Cty. May 5, 2025), this GMVA provision is a municipal ordinance of disputed validity. Plaintiff's choice to bypass two prior valid state revival statutes distinguishes this case from those where plaintiffs acted promptly within legitimate statutory windows. Laches may apply even where a revival period exists if both unreasonable delay and prejudice are shown. *Zuckerman*, 928 F.3d at 193–94.

Plaintiff's decades-long inaction, strategic forum choice, and the severe prejudice to Defendant make this the paradigmatic laches case. Equity bars this action regardless of the GMVA's disputed revival provision.

## VII. FAILURE TO INCLUDE A PROPER DEMAND FOR RELIEF UNDER RULE 8(a)(3)

Federal Rule of Civil Procedure 8(a)(3) requires that a complaint contain "a demand for the relief sought" to provide fair notice and frame the issues for adjudication.

### A. Deficiency in Plaintiff's Demand

Plaintiff's "wherefore" clause seeks "compensatory and general damages, punitive damages, attorney's fees, and such other and further relief as the Court deems just and proper" (Compl. ¶¶ 97–98). This boilerplate fails to specify the type or scope of relief, leaving unclear whether purely monetary, injunctive, or other

remedies are sought, and provides no basis to assess the amount in controversy—a key element where diversity jurisdiction is invoked.

### B. Legal Standard

The Second Circuit holds that the absence of a clear demand for relief is a pleading deficiency. *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 113 (2d Cir. 2010). While Rule 54(c) allows a court to grant relief even if not demanded, this does not excuse noncompliance with Rule 8(a)(3). Ambiguity regarding remedies prejudices a defendant's ability to assess risk, plan strategy, and evaluate settlement.

### C. Prejudice in This Case

Given the scope of Plaintiff's allegations, spanning multiple jurisdictions and decades-old conduct, Defendant should not be left to speculate about potential exposure. This uncertainty is compounded by Plaintiff's failure to properly plead jurisdiction. The Complaint should be dismissed or amended to cure this defect before the case proceeds.

## VIII. CONCLUSION

Plaintiff's opposition fails to cure the multiple, independent defects identified in Defendant's opening motion. This case should be dismissed with prejudice for the following reasons:

1. **Lack of Subject Matter Jurisdiction** – Plaintiff has not properly pled domicile or complete diversity under 28 U.S.C. § 1332; allegations of residence are insufficient.

13

2. **Lack of Personal Jurisdiction** – Nearly forty years after the alleged events, with no current New York contacts, jurisdiction would violate due process.

3. **GMVA Revival Provision Invalid and Time-Barred** – The local law is preempted by the CVA and ASA, violates the Home Rule Clause, and cannot retroactively reach pre-2000 conduct without violating due process.

4. **Failure to Plead Gender-Based Animus** – Plaintiff alleges sexual abuse but no facts showing acts were motivated by gender-based hostility, as required under the GMVA.

5. **Laches** – Plaintiff's decades-long delay, despite prior state revival opportunities, is presumptively unreasonable and severely prejudicial.

6. **Failure to Include a Proper Demand for Relief** – The Complaint's boilerplate demand provides no clear notice of the remedies sought.

Each ground independently warrants dismissal; together, they make it clear that this lawsuit cannot proceed without violating jurisdictional rules, statutory limits, and basic fairness.

**Defendant respectfully requests that the Court dismiss the Complaint with prejudice. In the alternative, should any defect be deemed curable, Plaintiff should be required to amend to allege jurisdictional facts and a proper demand for relief before any further proceedings.**

Respectfully submitted, in New York, New York, on this the 8th day of August 2025.

    /s/ Edwin J. Prado-Galarza
    Edwin J. Prado-Galarza
    (Bar No. 2429041)
    Prado Law Office, LLC 111 N. Orange Ave.,

14

**Suite 800, Unit 849 Orlando, FL 32801**
**Phone: (407) 420-7926 / (787977-1411**
**Email: pradolaw10@gmail.com**
**Counsel for Defendant Edgardo Diaz Melendez**

## CERTIFICATE OF COMPLIANCE

I hereby certify pursuant to Local Civil Rule 7.1 of the Southern District of New York that the foregoing Memorandum of Law is prepared in Times New Roman 14-point font, with double-spacing and one-inch margins, and contains approximately 2,899 words, excluding the caption, and signature block.

/s/ Edwin J. Prado-Galarza
Edwin J. Prado-Galarza