PRADO

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ______________
DATE FILED: 8/12/26

Application GRANTED.

SO ORDERED.

August 12, 2026

Barbara Moses
United States Magistrate Judge

August 11, 2026

Hon. Barbara C. Moses
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re: Rosselló v. Díaz Meléndez, No. 1:25-cv-01699-MMG - Defendant Edgardo Díaz Meléndez's Letter-Motion to Maintain Medical Annex Under Seal**

Dear Judge Moses:

Defendant, Edgardo Díaz-Meléndez, respectfully submits this letter-motion requesting that the Court authorize the *Medical Annex* filed in support of Defendant's July 30, 2026 Supplemental Letter-Motion, ECF No. 74, to remain under seal in its entirety.

**Inadvertent Filing and Prompt Corrective Action**

On July 30, 2026, Defendant filed a Supplemental Letter-Motion concerning Mr. Díaz Meléndez's attendance at the settlement conference, together with a supporting PDF identified as the "Medical Annex," ECF No. 74. The Medical Annex contains records from Clínica Hospital San Fernando concerning Mr. Díaz Meléndez's recent medical evaluation and treatment, including radiological materials, laboratory results, medical identifiers, and related treatment documentation.

Through inadvertence, counsel did not designate the *Medical Annex* for restricted access when it was electronically filed. Defense counsel contacted the Court's ECF Help Desk, after Hon. Judge Moses advise to promptly restrict before filing this letter motion. Public access to the *Medical Annex* was thereafter restricted. Defendant now respectfully seeks judicial authorization for the *Medical Annex* to remain under seal. The Supplemental Letter-Motion itself may remain on the public docket. Defendant seeks sealing only of the supporting *Medical Annex* containing the underlying medical records.

**Applicable Standard**

The Second Circuit recognizes a qualified presumption of public access to judicial documents. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). In determining whether sealing is appropriate, the Court considers whether the material constitutes a judicial document, the weight of the presumption of access, and whether countervailing interests outweigh that presumption. *Id.*; *United States v. Amodeo*, 71 F.3d 1044, 1048–51 (2d Cir. 1995) ("Amodeo II").

MEMO ENDORSED

The weight afforded to the presumption depends upon "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Amodeo II*, 71 F.3d at 1049. The Court may also consider legitimate privacy interests and "the nature and degree of injury" that disclosure would cause. *Id.* at 1050–51. Any sealing must be appropriately and narrowly tailored to the interests requiring protection. See *Lugosch*, 435 F.3d at 120; *Brown v. Maxwell*, 929 F.3d 41, 47–48 (2d Cir. 2019).

**The Medical Annex Should Remain Under Seal**

Those principles support sealing the *Medical Annex*. First, even assuming that the *Medical Annex* constitutes a judicial document because it was submitted in support of Defendant's request concerning attendance at the settlement conference, the weight of the presumption of access is comparatively limited. The records were submitted in connection with a discrete case-management issue, whether Mr. Díaz Meléndez could undertake international travel and appear personally at a settlement conference shortly after receiving medical treatment. They do not concern the merits of the parties' substantive claims or defenses.

Second, substantial privacy interests favor continued sealing. The *Medical Annex* consists of private medical documentation concerning Mr. Díaz Meléndez's examination and treatment. Among other things, it contains laboratory testing, diagnostic imaging, radiological findings, treatment information, prescription information, his date of birth, patient-identification information, and photographs of hospital-identification materials. Public dissemination of those records would disclose private medical and personal information beyond what is necessary for the public to understand the basis for Defendant's request. Federal Rule of Civil Procedure 5.2 further reflects the strong interest in protecting personal identifying information appearing in court filings. To the extent Rule 5.2 applies to particular identifiers appearing in the Medical Annex, continued sealing also prevents unnecessary disclosure of such information.

Third, the requested sealing is narrowly tailored. Defendant does not request sealing of the July 30 Supplemental Letter-Motion itself. That publicly filed submission already describes the material facts relevant to the Court's consideration of Defendant's request, including the nature and date of Mr. Díaz Meléndez's medical evaluation, the fact that diagnostic testing was performed, and the resulting concern regarding international travel. Thus, the public can understand the basis for Defendant's request and the Court's resolution of that request without access to Mr. Díaz Meléndez's underlying medical records.

By contrast, the *Medical Annex* consists almost entirely of the confidential medical and identifying information sought to be protected. Page-by-page redaction would require extensive redactions throughout the submission and would leave little information of meaningful value beyond what is already disclosed in the public Supplemental Letter-Motion. Maintaining the Annex under seal therefore protects the legitimate privacy interest at issue while leaving the substantive application itself publicly accessible.

Finally, the initial public filing was inadvertent. Defendant resolved the issue by contacting the ECF Help Desk and obtaining restriction of public access. Defendant now submits this application so that the existing restriction is supported by an appropriate judicial determination.

**Requested Relief**

For these reasons, Defendant respectfully requests that the Court enter an order:

1. authorizing the Medical Annex filed at ECF No. 74 to remain under seal in its entirety;
2. directing that access to the *Medical Annex* remain limited to the Court and authorized case participants; and
3. to the extent necessary, approving the present restriction of public access *nunc pro tunc* to the date on which the *Medical Annex* was originally filed.

We thank the Court for its consideration.

Respectfully submitted,

**PRADO LAW OFFICES**

By: /s/ Gabriel Magraner
**Gabriel Magraner**
403 Del Parque Street, Suite 8
San Juan, Puerto Rico 00912
Telephone: (787) 977-1411
gabriel.magraner@pradolegalservices.com

Counsel for Defendant
Edgardo Díaz Meléndez

cc: All counsel of record via ECF